OPINION
{¶ 1} Phillip H. Tinkham, defendant-appellant, was charged with one count of disorderly conduct under Columbus City Code 2317.11(B)(1), and one count of physical control under Columbus City Code 2133.01(c). Defendant entered a not guilty plea, waived his right to a jury trial, and proceeded to trial by the court.
 {¶ 2} The court found defendant not guilty of physical control, but guilty of disorderly conduct under Columbus City Code 2317.11(B)(1). The court imposed a $200 fine, plus costs, or ten days in jail.
 {¶ 3} Defendant appeals, asserting the following assignment of error:
 {¶ 4} "The Court erred in finding the defendant guilty of disorderly conduct under Columbus City Code Section 2317.11(B)(1) and not guilty under Columbus City Code Section 2133.01(C), physical control of a motor vehicle."
 {¶ 5} Defendant and friends had been drinking at Merry Melodies Bar on the evening of August 16, 2002. Upon leaving the bar, defendant drove to the Red Lobster restaurant on South Hamilton Road in Columbus, Ohio. Inside the restaurant, defendant's behavior drew the attention of his waitress, who testified that she had been a waitress/bartender for six to seven years. She believed, based upon her observation and work experience, that defendant was intoxicated. She noted that defendant was unable to walk straight and displayed other signs of intoxication. After he left the table, the waitress summoned a special duty Columbus police officer who was working for the restaurant that evening. It was the observation of that officer that defendant appeared to be intoxicated and the officer requested that defendant not drive. Defendant ignored his request and got into his automobile, continuing to swear at the officer. Ultimately, defendant was charged with disorderly conduct and physical control, after the special duty officer summoned a Columbus police officer to assist him with the arrest as defendant was verbally abusive and physically confrontational.
 {¶ 6} Defendant was charged with Columbus City Code 2317.11(B)(1), disorderly conduct, which, as pertinent, reads as follows:
 {¶ 7} "(B) No person, while voluntarily intoxicated shall do either of the following:
 {¶ 8} "(1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if he were not intoxicated, should know is likely to have such effect on others."
 {¶ 9} The second offense with which defendant was charged was physical control, Columbus City Code 2133.01(c), which reads as follows:
 {¶ 10} "(c) No person who is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse, shall be in actual physical control of any vehicle within this City."
 {¶ 11} As previously stated, defendant was found guilty of disorderly conduct and not guilty of physical control. The record, as viewed most favorable to appellee, supports a finding of disorderly conduct. Two Columbus police officers and one lay person, who has substantial experience as a bartender, testified that, from defendant's appearance, conduct and actions, they believed that he was under the influence of alcohol. The officer's testimony of defendant's conduct outside of the restaurant was that defendant was loud and very profane, something that was observed by the manager of Red Lobster, as well as the police officer who was the direct target of the profanity and other annoying behavior. Thus, at least two people were subjected to offensive and annoying conduct objectionable to persons of ordinary sensibilities which conduct the offender, if not intoxicated, should know is likely to annoy or offend others. Defendant and his witnesses attribute defendant's behavior to his natural mode of behavior rather than to alcohol that was consumed. Defendant testified that he did not drink anything in the Red Lobster restaurant, and that only one and one-half beers prior to coming to the restaurant. The determination faced by the trial court was credibility of the witnesses and obviously the trial court believed two police officers and the restaurant employees rather than defendant's witnesses.
 {¶ 12} Defendant contends that there was a lack of evidence to support intoxication because no field tests were made, nor was there a blood test made. The arresting officer stated that he did not conduct a field test because defendant refused. The lack of a blood test is not fatal to plaintiff's proof.
 {¶ 13} The main issue raised by defendant is that the verdicts of the trial court were inconsistent. Defendant argues that, both for physical control and disorderly conduct, defendant must be intoxicated. Defendant attributes the trial court's not guilty verdict of the offense of physical control to finding insufficient evidence to support intoxication and, therefore, argues that it was also insufficient proof of disorderly conduct.
 {¶ 14} The city of Columbus argues that physical control also requires proof of an additional element not required for proof of disorderly conduct, that element being that defendant was in actual physical control of his vehicle. Evidence of the city in this respect was that defendant, contrary to the arresting officer's order, entered his vehicle stating that he was going to drive away. The officer stated that defendant got behind the wheel and waved his keys at him before ultimately, under protest, exiting the car when the backup police officer arrived. Defendant testified that he did enter the car and was highly incensed, vocally and profanely, as there was no reason that he could not drive the vehicle. Defendant stated that his keys were in his pocket and that he never made an attempt to drive away or to place his keys in the ignition. Under this testimony, the trial court apparently concluded that there was insufficient evidence of actual physical control in that defendant may not have taken his keys out of his pocket and that the officer was in a position to prevent him from driving, at least applying the standard of beyond a reasonable doubt.
 {¶ 15} We do not find an inconsistency that renders the conviction of disorderly conduct to be unlawful or erroneous.
 {¶ 16} Defendant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE, P.J., and BROWN, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.